■ MICHAEL's HOLDING CO., INC., Respondent, v. JEREMIAH J. MAHONEY, Appellant, et al., Defendants.— In an action to foreclose a mortgage, the defendant, Jeremiah J. Mahoney, appeals from an order of the Supreme Court, Westchester County, dated April 16, 1959, which denied his motion to vacate a judgment of foreclosure and sale and for other incidental relief. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ MICHAEL's HOLDING CO., INC., Respondent, v. JEREMIAH J. MAHONEY, Appellant, et al., Defendants.— In an action to foreclose a mortgage, the defendant, Jeremiah J. Mahoney, the holder of a mortgage subordinate to plaintiff's mortgage, appeals from an order of the Supreme Court, Westchester County, dated July 20, 1959, which denied said defendant's motion to modify a judgment of foreclosure and sale so as to eliminate an award against him for an additional allowance pursuant to subdivision 2 of section 1513 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements (*Poughkeepsie Sav. Bank* v. *Herron*, 256 N. Y. 339). While it might have been better practice to have given to the appellant, as a subordinate mortgagee against whom no personal claim was made in the complaint, notice prior to the court's grant of such extra allowance, nevertheless it is our opinion that the rights of said appellant were not prejudiced. The grounds of his opposition to the exercise of the court's discretion with respect to the propriety and amount of the extra allowance were fully presented and heard upon his application to vacate that portion of the judgment of foreclosure and sale which granted such allowance. Ughetta, Pette and Brennan, JJ., concur; Nolan, P. J., and Christ, J., dissent and vote to reverse the order and grant the motion with the following memorandum: If it be assumed that the award of the additional allowance of costs, in the sum of $926.92, against the appellant was a proper exercise of discretion, pursuant to section 1478 of the Civil Practice Act, nevertheless the Special Term erred by directing in the judgment of foreclosure that a separate judgment in the sum stated be entered against appellant, and that the respondent have execution therefor. The most that was authorized, under the circumstances, was a direction in the judgment that respondent have judgment against appellant personally for such deficiency as might be determined pursuant to section 1083 of the Civil Practice Act, not to exceed the amount of such extra allowance of costs, with interest. In an action to foreclose a mortgage on real property the extra allowance pursuant to section 1513 of the Civil Practice Act is chargeable against the proceeds of sale (Civ. Prac. Act, § 1082) and the judgment should not provide for the payment of such allowance except to the extent of a deficiency after sale.